UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUE ELIAS, Representative of the ESTATE OF JAMES EVERETT, JR., Deceased, ET AL., | ) ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 3:09-CV-0560-G |
| VS. | ) ) | **ECF** |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant/Third Party Plaintiff, | ) ) | |
| VS. | ) ) | |
| BAYLOR MEDICAL CENTER OF GARLAND, TEXAS, ET AL., | ) ) ) | |
| Third-Party Defendants. | ) | |

## MEMORANDUM ORDER

Before the court are the motions of the third-party defendant Baylor Medical Center at Garland ("Baylor") to disqualify counsel for third-party plaintiff the United States of America (docket entry 60) and to stay the proceedings pending the court's decision on the motion to disqualify (docket entry 61). For the reasons discussed below, both motions are denied.

## I. BACKGROUND

This is a medical-malpractice action against the United States under the Federal Tort Claims Act. *See generally* Plaintiffs' Original Complaint. The United States has impleaded three third-party defendants, including Baylor. *See generally* Third Party Complaint. Baylor alleges that while Baylor and the United States were conducting discovery, Katherine McGovern ("McGovern"), an Assistant United States Attorney and formerly counsel of record for the United States in this action, interjected herself into the proceedings in such a manner that "she is likely to be called as a necessary witness regarding contested substantive issues in this case." *See* Brief in Support of Third Party Defendant Baylor Medical Center at Garland's Motion to Disqualify Third-Party Plaintiff the United States of America's Counsel at 5. As a result, Baylor contends, McGovern is disqualified from serving as counsel for the United States. *Id.* at 6-14.

Baylor filed its motion to disqualify McGovern on March 26, 2010. *See* Third Party Defendant Baylor Medical Center at Garland's Motion to Disqualify Third-Party Plaintiff the United States of America's Counsel at 3. On April 2, 2010, Assistant United States Attorney Donna K. Webb was substituted as counsel of record for the Untied States. Notice of Substitution of Counsel at 1. McGovern no longer represents the United States in this action. See *id.* As a result, the United States contends that Baylor's motion to disqualify McGovern is moot. *See* United

States of America's Brief in Support of Response to Third-Party Defendant Baylor Medical Center at Garland's Motion to Disqualify Third-Party Plaintiff the United States of America's Counsel at 2-3.

## II.  ANALYSIS

The court concludes that McGovern's withdrawal as the United States' counsel of record moots Baylor's motion to disqualify her.  An issue is moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief."  *Orellana v. Keisler*, 253 Fed. Appx. 391, 392 (5th Cir. 2007) (per curiam) (citation and internal quotation marks omitted).  Here, McGovern's withdrawal as counsel of record obviated the need for the court to determine whether she is disqualified from representing the United States in this action.  It is true that McGovern withdrew as counsel for the United States voluntarily and that ordinarily "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice," *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000) (citation and internal quotation marks omitted).  However, in the absence of evidence to the contrary, the court may make an exception to the voluntary-cessation rule and assume that a "'formally announced change[] to official government policy" is neither "'mere litigation posturing'" nor "'a sham for continuing possibly unlawful conduct.'" *Jones v. Alfred*, 353 Fed. Appx. 949, 951 (5th Cir. 2009) (quoting *Sossamon v. Texas*,

560 F.3d 316, 325 (5th Cir. 2009), *cert. granted in part on other grounds*, ___ U.S. ___, ___ S. Ct. ___, 2010 WL 205142 (May 24, 2010)). Here, Baylor does not challenge McGovern's good faith in withdrawing as counsel, and there is no evidence to suggest that the United States plans to reinstate McGovern as its counsel in this action. Therefore, the court concludes that there is no live controversy over whether McGovern may serve as counsel for the United States and that Baylor's motion to disqualify her is moot.

### III.  CONCLUSION

For the reasons discussed above, Baylor's motion to disqualify Katherine McGovern as counsel for the United States is **DENIED**, and Baylor's motion to stay the proceedings pending the court's decision on the motion to disqualify McGovern is **DENIED** as moot.

**SO ORDERED**.

June 2, 2010.

_____
**A. JOE FISH**
**Senior United States District Judge**